UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Summer Michelle Rollins,<br><br>Plaintiff,<br><br>v.<br><br>City of Albert Lea, *et al.*,<br><br>Defendants. | Case No. 14-cv-299 (SRN/HB)<br><br><br>**ORDER** |

Sonia Miller-Van Oort, Jonathan A. Strauss, Lorenz F. Fett, and Andrew Larson-Wille, Sapientia Law Group PLLC, 120 South Sixth Street, Suite 100, Minneapolis, MN 55402, counsel for Plaintiff.

Jon K. Iverson, Susan M. Tindal, and Stephanie A. Angolkar, Iverson Reuvers Condon, 9321 Ensign Avenue South, Bloomington, MN 55438, counsel for Defendant Cities of Anoka, Breezy Point, Champlin, Coon Rapids, Howard Lake, Maplewood, North St. Paul and Roseville and Defendant Individuals Autumn Nelson, Roxanne Affeldt, Jesse Smith, Christy Bonczek, Tony Jacobson, MariBeth Parks, Michael Sternquist, and Ken Rollins.

Margaret A. Skelton, Erin E. Benson, and Timothy A. Sullivan, Ratwik, Roszak & Maloney, P.S., 730 Second Avenue South, Suite 300, Minneapolis, MN 55402, counsel for Defendants Sherburne County and Washington County.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendants Sherburne and Washington Counties, Defendant Cities of Anoka, Breezy Point, Champlin, Coon Rapids, Howard Lake, Maplewood, North St. Paul and Roseville's ("Defendant Cities"), and Individual Defendants Autumn Nelson, Roxanne Affeldt, Jesse Smith, Christy Bonczek, Tony Jacobson, MariBeth Parks, Michael Sternquist, and Ken Rollins' ("Individual Defendants") (collectively, "Defendants") objections to Magistrate Judge Hildy

1

Bowbeer's order denying Defendants' request to file for early summary judgment based on qualified immunity. For the reasons set forth below, Defendants' objections are overruled, Defendants' requests to bring motions for summary judgment at this time are denied, and the Court provides additional clarification regarding discovery.

## I. BACKGROUND

The relevant factual and procedural background of this matter is not in dispute and is briefly summarized here. Plaintiff Summer Michelle Rollins asserts claims under the Driver Privacy Protection Act ("DPPA") against various county, city, and individual defendants, including the Defendants listed above, alleging they accessed her driver's license data without a proper purpose. (See Amended Compl. [Doc. No. 111].) The pretrial scheduling order requires that fact discovery be completed by April of 2016 and dispositive motions heard by July of 2016. (Pretrial Scheduling Order at 2, 8–9 [Doc. No. 127].) The scheduling order also prohibits any party from bringing a dispositive motion while discovery is ongoing without first obtaining the permission of Magistrate Judge Bowbeer. (Id. at 9.) Discovery is presently underway.

Defendants filed letters with Magistrate Judge Bowbeer asking that they be allowed to bring early motions for summary judgment on the basis that they are entitled to qualified immunity against Plaintiff's claims. (See Doc. Nos. 153 and 154.) Plaintiff opposed this request. (See Doc. No. 159.) Magistrate Judge Bowbeer denied Defendants' request. (Order dated October 13, 2015 ("Order") [Doc. No. 163].) Defendants claimed that the facts necessary to determine qualified immunity, specifically those that showed their access of Plaintiff's information was for a legitimate purpose,

were already present in the record. (Id. at 2.) Plaintiff opposed an early summary judgment motion, arguing that because discovery was still open, she was entitled to seek information on a variety of subjects, including the reasons for and circumstances surrounding Defendants' accessing her information. (Id.) Magistrate Judge Bowbeer concluded Plaintiff "is entitled to conduct discovery to determine the legitimacy of Defendants' qualified immunity claim" and thus "the case is not yet ripe for a summary judgment motion on qualified immunity." (Id.) However, Magistrate Judge Bowbeer made clear that Defendants could renew their request for an early summary judgment motion once discovery on qualified immunity was complete. (Id.)

Defendants now object to this Order. (See generally Doc. Nos. 167 and 168.) They again claim that all the facts necessary to determine whether they are entitled to qualified immunity are already present. Specifically, Defendants allege that because the evidence shows they accessed Plaintiff's information through license plate look-ups, or in response to calls for service or incidents involving Plaintiff, and because Plaintiff did not transfer ownership of two vehicles bearing license plates linked to her driver's license in a timely fashion, Defendants had permissible purposes for accessing Plaintiff's information when they did. Defendants argue qualified immunity is meant to protect a party from the burdens of litigation, including discovery, and argue that this warrants deciding the issue via summary judgment as soon as possible.

Plaintiff responds by asserting that the issue is really "one of procedural discretion and docket management" and thus Magistrate Judge Bowbeer did not err in denying Defendants' request. (Doc. No. 171 at 2.) Plaintiff further alleges that Defendants

"really intend to argue that there are defensible reasons for" the access of Rollins' information, "not that Defendants should be immune from suit." (Id. at 3.) Even assuming the issue truly is one of qualified immunity, Plaintiff argues questions of fact remain regarding Defendants' accesses of her records, making summary judgment inappropriate before discovery is complete. (Id. at 3–6.)

## II.   DISCUSSION

### A. Legal Standard for Review of Non-Dispositive Orders

A magistrate judge's order on a non-dispositive issue is overturned on review only where it is shown that the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); D. Minn. L.R. 72.2(a). Only where the reviewing district court has a "definite and firm conviction" that the magistrate judge erred is a reversal warranted. See Saleen v. Waste Mgmt., Inc., 649 F. Supp. 2d 937, 943 (D. Minn. 2009).

### B. Qualified Immunity and the Burden of Discovery

A government official is entitled to qualified immunity for his/her conduct unless it violates clearly established statutory or constitutional rights known to a reasonable person at the time. Pearson v. Callahan, 555 U.S. 223, 231 (2009). The DPPA is clear that accessing private driver's license information without a permissible purpose violates the law and an offending official is not entitled to qualified immunity. See Mallak v. Aitkin Cty., 9 F. Supp. 3d 1046, 1063–64 (D. Minn. 2014); Heglund v. Aitkin Cty., No. 14-cv-296 (ADM/LIB), 2015 WL 2455147, at *3 (D. Minn. May 22, 2015).

Qualified immunity "is an entitlement not to stand trial under certain

circumstances.  Such entitlement is **an immunity from suit** rather than a mere defense to liability . . . ."  Mitchell v. Forsyth, 472 U.S. 511, 512 (1985).  Not only does a claim of qualified immunity, if proven, protect a party from the burdens of trial itself, but it also protects that party from "broad-reaching discovery . . . ."  Id. at 526.  Thus, the issue of qualified immunity should be resolved "at the earliest possible stage in litigation."  Pearson, 555 U.S. at 232 (quoting Hunter v. Bryant, 502 U.S. 224, 227 (1991)).  This leaves the issue of when, and by what means, a claim of qualified immunity should be resolved.

As a general rule, summary judgment is proper "only after the nonmovant has had adequate time for discovery."  In re Temporomandibular Joint (TMJ) Implants Products Liab. Litig., 113 F.3d 1484, 1490 (8th Cir. 1997).  However, district courts have wide discretion to determine when a claim or defense is ready for summary judgment.  See id. at 1489; Fed. R. Civ. P. 56(b); see also Engine P'ship v. Self-Cleaning Environments USA, Inc., 74 F.3d 1243 (8th Cir. 1996) (per curiam) (district court did not abuse its discretion by granting summary judgment before completion of discovery).

The Heglund case is markedly similar to this matter and provides a persuasive guide on when and how to resolve a defendant's qualified immunity claim in a DPPA suit.[1]  There, the plaintiffs ("the Heglunds") brought claims for violation of the DPPA against numerous counties, cities, and individuals.  Heglund, 2015 WL 2455147 at *1.  A defendant ("Grand Rapids") disclosed in its discovery responses that its police officer ("Schref") accessed one of the Heglund's ("Jennifer") driver's license information by a

---

[1] In fact, Plaintiff's counsel was counsel for the plaintiffs in Heglund.

look-up using her name, as opposed to another identifier such as a driver's license number, multiple times in close temporal proximity on a single day several years before. Id. at *2.  Schref filed an affidavit claiming he did not recall precisely why he accessed Jennifer's information, but that he did not do so for personal reasons or out of curiosity (which would be impermissible purposes).  Id.  Before the close of discovery, Grand Rapids moved for summary judgment, claiming that the Heglunds had no facts to show Schref's access was unlawful and thus it was entitled to qualified immunity.  Id.  The Heglunds opposed summary judgment, noting discovery on the issue of Schref's access and the motivation behind it was ongoing (e.g., the Heglunds had noticed, but not yet completed, a deposition of Schref).  Id. at *2, 3.

First, the Heglund Court treated the issue of whether Schref had a permissible purpose for accessing Jennifer's information as an issue of qualified immunity.  See id. at *3.  This Court agrees and rejects Plaintiff's argument that Defendants' bases for claiming qualified immunity (i.e., that they had permissible purposes for accessing Plaintiff's driver's license information) are merely general defenses to liability from a DPPA claim.  If Defendants demonstrate they had a permissible purpose, or if Plaintiff fails to present any facts supporting her contention that they had an improper purpose, Defendants are entitled to qualified immunity from Plaintiff's DPPA claims.  See Mitchell, 472 U.S. at 512 (qualified immunity is not merely a defense to liability, but rather immunity from suit entirely).

Second, the Heglund Court noted that additional discovery was necessary to determine whether Schref was entitled to qualified immunity:

6

> [The Heglunds] have yet to show that Schref's access violated the DPPA. Although Grand Rapids contends that Schref's affidavit effectively concludes his lookup was not in violation of the DPPA, as explained below, additional discovery is needed before a determination can be made as to whether Schref violated the DPPA. Thus, Schref is not presently entitled to qualified immunity.

Heglund, 2015 WL 2455147 at *3.  The Heglunds identified "specific discovery" they intended to pursue on the issue of Schref's purpose for accessing Jennifer's information—namely, the already noticed deposition of Schref and a "planned" deposition of his supervisor.  Id.  "While it is highly unlikely that deposing Schref will bear fruit in light of his statement claiming he cannot remember the specific reasons why he accessed Jennifer's information in a single minute some five years ago," the Court allowed the Heglunds "a limited opportunity to develop their case against Schref."  Id. at *3–4.  Specifically, the Court allowed the Heglunds to proceed with the deposition of Schref, but held that "[a]ny further discovery aimed at investigating Schref's look-up, including [the Heglunds'] alleged desire to depose his supervisor, is currently prohibited."  Id. at 4.  If the Heglunds believed they had sufficient grounds to pursue additional discovery, they could request permission to do so from the magistrate judge.  Id.  Conversely, if Schref's deposition did not raise any facts to suggest his access was improper, Grand Rapids could renew its motion for summary judgment.  Id.

The Court finds Heglund's approach persuasive and employs it here.  A motion for summary judgment based on Defendants' alleged qualified immunity is not yet ripe.[2]

---

[2] Although Defendants have produced some evidence to indicate they had a proper purpose for accessing Plaintiff's information, it is by no means definitive or conclusive on the subject.  Plaintiff should have the opportunity to challenge this evidence and

Plaintiff may engage in limited discovery on the issue(s) related to Defendants' claim of qualified immunity (e.g., the purpose behind their accesses of Plaintiff's information). Plaintiff may not engage in discovery on other issues until the matter of Defendants' qualified immunity is resolved.  The parties are invited to meet and confer to develop a plan for this limited discovery.  If they cannot agree, they should bring their dispute to Magistrate Judge Bowbeer for resolution.  Once this limited discovery is complete, Defendants may elect to renew their request for leave to file an early summary judgment motion based on qualified immunity pursuant to the Pretrial Scheduling Order.  This approach strikes the proper balance between the protections afforded by qualified immunity and the legitimate need for an opportunity to conduct discovery on a claim of qualified immunity under these circumstances.

### III.   CONCLUSION

Defendants have not shown that Magistrate Judge Bowbeer erred, or ruled contrary to the law, by denying their request to pursue summary judgment.  Thus, their objections are overruled and their requests for leave to file early summary judgment motions are denied.

### IV.   ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Objections [Doc. Nos. 167 and 168] are **OVERRULED**;

---

develop her own through limited discovery on the issue of Defendants' claimed qualified immunity.

2. Magistrate Judge Bowbeer's Order [Doc. No. 163] is **ADOPTED**;

3. Defendants' requests for leave to file early summary judgment motions [Doc. Nos. 153 and 154] are **DENIED WITHOUT PREJUDICE**;

4. The parties will proceed with limited discovery pursuant to the clarification set forth in this Order and the Pretrial Scheduling Order [Doc. No. 127].

Dated: December 14, 2015         s/ Susan Richard Nelson
                                 SUSAN RICHARD NELSON
                                 United States District Judge